**ELECTRONICALLY FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND
CIVIL ACTION NO._____

ASHLAND HOSPITAL CORPORATION,
d/b/a KING'S DAUGHTERS MEDICAL CENTER                              PLAINTIFF

VS.

SERVICE EMPLOYEES INTERNATIONAL UNION
(SEIU) DISTRICT 1199 WV/KY/OH

    c/o Becky Williams, President
    1395 Dublin Rd.
    Columbus, OH  43215

and

JOHN DOE #1 AND JOHN DOE #2                                        DEFENDANTS

**COMPLAINT**

Plaintiff, Ashland Hospital Corporation, d/b/a King's Daughters Medical Center ("KDMC"), for its Complaint against Defendants, Service Employees International Union (SEIU) District 1199 WV/KY/OH and Unknown Defendants, John Doe #1 and John Doe #2, states as follows:

**PARTIES**

1.    This action arises from Defendants' violation of federal statutes and common law by causing hundreds of automated telephone calls to be made to KDMC for the sole purpose of harassing KDMC and its employees and obstructing and unlawfully interfering with KDMC's business operations and its ability to provide medical care and related services to its patients.

2. KDMC is a not-for-profit corporation organized and existing under Kentucky law with its principal place of business at 2201 Lexington Avenue, Ashland, Boyd County, Kentucky, 41101.

3. Defendant, Service Employees International Union (SEIU) District 1199 WV/KY/OH (hereinafter "SEIU"), upon information and belief, is an unincorporated association registered on January 1, 1996, in the state of Ohio. SEIU has not designated an agent for service of process within the Commonwealth of Kentucky. Pursuant to Rule 4(h) and (e), Fed. R. Civ. P., SEIU is subject to service of process through the Kentucky Secretary of State, as set forth in KRS 454.210.

4. Defendants, Unknown Defendants, John Doe #1 and John Doe #2 ("Unknown Defendants"), are unidentified individuals and/or business entities who have aided and abetted and conspired with SEIU in causing the unlawful acts complained of herein.

## VENUE

5. Venue is appropriate in the Eastern District of Kentucky, Ashland Division, pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events giving rise to the claims in this action occurred in Boyd County, Kentucky and the actions of Defendants were intended to and did cause injury and are continuing to cause injury to KDMC in Boyd County, Kentucky, which is within the Eastern District of Kentucky, Ashland Division.

## JURISDICTION

6. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 as this civil action arises under the laws of the United States and specifically Defendants' violation of 47 U.S.C. § 223 and 47 U.S.C. § 227. Subject matter

jurisdiction is further proper in this Court pursuant to 28 U.S.C. § 1367 in that there are additional claims asserted herein which are related to the claims arising under 28 U.S.C. § 1331 and which form a part of the same case or controversy as such claims.

7. This Court has personal jurisdiction over Defendants pursuant to KRS 454.210 because Defendants have, individually and through their agents and representatives, transacted and continue to transact business in this Commonwealth, have contracted to supply services in this Commonwealth, caused tortious and unlawful injury to KDMC within the Commonwealth of Kentucky and are continuing to interfere with and cause injury to KDMC's operations at its medical care facilities in Boyd County, Kentucky.

### FACTUAL ALLEGATIONS

8. KDMC owns and operates a full-service, regional medical center in Boyd County, Kentucky, including a hospital facility located at 2201 Lexington Avenue, Ashland, Kentucky, which provides emergent and non-emergent medical care and treatment to the members of the immediate community and of surrounding communities in Kentucky, West Virginia and Ohio. The operation of KDMC, and the provision of medical treatment and services by its staff, medical and nursing, is continuous and involves highly intricate, sophisticated, technical and life-saving monitoring and medical intervention to assure proper and timely diagnoses, treatment, and the general safety, well-being and physical and mental recovery of its patients.

9. Upon information and belief, in December 2010 and continuing through the filing of this Complaint, SEIU, through its agents and representatives, and acting in concert with Unknown Defendants, commenced a telephone calling campaign

directed at KDMC's hospital facilities utilizing an automated telephone dialing system, or "robo-call" system, designed to harass KDMC's Chief Executive Officer and other KDMC employees and to interfere with KDMC's ability to operate its medical center facilities and efficiently provide services to the patients whom KDMC serves.

10. Upon information and belief, Defendants arranged for and/or paid for the implementation of a robo-call system to generate automatic telephone calls to hundreds, if not thousands, of telephone users located within the region serviced by KDMC. Upon information and belief, the robo-call system automatically dials the telephone numbers and plays a pre-recorded message designed to incite the person who answers the telephone against KDMC. The recorded message then encourages the person answering the telephone to press a number on the dial pad in order to be connected to the extension of Fred Jackson, KDMC's chief executive officer, where the caller can speak to Mr. Jackson or leave a voice mail message for him. These robo-calls are received through KDMC's main telephone lines, which support all incoming calls to KDMC's hospital and outreach centers. KDMC has a limited number of main telephone lines to receive these and other legitimate telephone calls.

11. As described below, during December 2010, KDMC has received hundreds of calls and voice mail messages transmitted through Defendants' robo-call system. Although the robo-call messages received at KDMC are from different individual, including local residents, KDMC's call logs identify all of these calls as originating from a single telephone number – 614-487-9034 – which is believed to be a Columbus, Ohio telephone number utilized by SEIU.

12. Between 10:45 a.m. on December 28, 2010, through 4:46 p.m. on December 29, 2010, five hundred thirty-six (536) calls generated by Defendants' robo-call system were placed to the extension of Mr. Jackson.

13. The robo-calls arranged by Defendants serve no legitimate business purpose and have been implemented by Defendants solely for the purpose of harassing KDMC and its employees and disrupting KDMC's business operations and its ability to operate as a regional medical center.

14. The robo-calls have tied up multiple incoming telephone lines at KDMC's hospital facility, including telephone lines that support calls to all numbers and extensions within KDMC, including emergency services and other medical departments, patient rooms, security, and administration, as well as to KDMC's off-site family care centers.

15. Based upon the fact that KDMC is continuing to receive the calls as of the date of filing this Complaint, KDMC reasonably believes that the robo-calls instigated by Defendants will continue on a regular and frequent basis.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF 47 U.S.C. §227

16. KDMC incorporates and restates the allegations contained in paragraphs 1 - 15 of this Complaint.

17. Through the conduct described above, SEIU, individually and acting through its agents and in concert with the Unknown Defendants, has violated 47 U.S.C. §227 and 47 C.F.R. §64.1200 by:

    a)    making calls using an automatic telephone dialing system or an artificial or prerecorded voice in such a manner as to adversely impact emergency lines of a hospital;

    b)    making calls using an automatic telephone dialing system or an artificial or prerecorded voice in such a manner as to adversely impact telephone lines of guest rooms and patient rooms of a hospital;

    c)    initiating telephone calls to residential telephone lines using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party;

    d)    using an automated telephone dialing system in such a way that two or more telephone lines of a multiline business are engaged simultaneously;

    e)    failing to state at the beginning of the message the identity of the business, individual or other entity that is responsible for initiating the call; the name under which the entity is registered to conduct business; and the telephone number of such business entity or individual.

18.    Pursuant to 47 U.S.C. § 227(c)(3), KDMC is entitled to injunctive relief to enjoin further violations of the statute and regulations by Defendants.

19.    Pursuant to 47 U.S.C. § 227(c)(3), KDMC is entitled to the greater of its actual monetary losses or $500 for each such violation of the statute and regulations by Defendants, which amount should be increased pursuant to 47 U.S.C. § 227(c)(3) based upon Defendants' violations being willful and knowing.

## COUNT II – HARASSMENT

20.    KDMC incorporates and restates the allegations contained in paragraphs 1 - 19 of this Complaint.

21. Through the conduct described herein, SEIU, individually and acting through its agents and in concert with the Unknown Defendants, has caused and is causing telephone calls to be made in interstate commerce and/or is utilizing telecommunication devices without disclosing its identity and with the intent to annoy, abuse, threaten, or harass KDMC, its employees, and representatives, in direct violation of 47 U.S.C. §223(a)(1)(C),(D), and (E).

22. KDMC is entitled to injunctive relief to immediately restrain and enjoin Defendants' continued harassment and violations of the aforesaid statutes.

COUNT III – TORTIOUS INTERFERENCE AND INJUNCTIVE RELIEF

23. KDMC incorporates and restates the allegations contained in paragraphs 1 -22 of this Complaint.

24. Through the conduct described above, SEIU, individually and acting through its agents and in concert with the Unknown Defendants, has intentionally, unlawfully, and maliciously interfered with KDMC's business activities at its Ashland, Kentucky medical care facility resulting in unlawful disruption of KDMC's business operations, damage to KDMC's business reputation, and tortious interference with KDMC's contractual and prospective contractual relationships with its patients and vendors.

25. The continuing interference by SEIU, acting through its agents and in concert with the Unknown Defendants, with KDMC's telephone lines through the use of the automated robo-call system in the manner described in this Complaint is causing and will cause substantial and irreparable damage to KDMC's reputation, its business operations and its patient care activities.

26.     KDMC has no adequate remedy at law and will be subjected to continuing harm and injury as a result of Defendants' harassing and unlawful conduct unless and until Defendants are enjoined from their unlawful acts.

27.     The continuance of the unlawful acts and harassing conduct of Defendants, unless enjoined by this Court, will result in great and irreparable injury and loss to KDMC, its professional medical and nursing staff, its patients, and the members of the surrounding communities whom its serves, the amount of which cannot be ascertained and for which KDMC has no adequate remedy at law.

28.     KDMC has no adequate remedy at law; adequate relief can be afforded KDMC only through this Court's exercise of its equitable jurisdiction and granting of injunctive relief.

**WHEREFORE,** Plaintiff prays for the following:

1.     A temporary injunction and a permanent injunction immediately restraining and enjoining SEIU, its agents, and Unknown Defendants who are acting in concert with SEIU, from:

a.     permitting, causing, or utilizing, or providing assistance, financial or otherwise to, an automatic telephone dialing system or other automated telephone system to facilitate the placement of large volumes of telephone calls to KDMC's medical center which interfere with KDMC's business operations and the provision of medical services to its patients and, more specifically, which cause two or more of KDMC's telephone lines to be engaged simultaneously, adversely affect KDMC's incoming telephone lines which support calls to KDMC's emergency service departments, and adversely affect KDMC's incoming telephone lines which support telephone calls to patient and guest rooms at KDMC, as prohibited by 47 U.S.C. § 223;

   b. permitting, causing, encouraging, or assisting, through financial means or any other means, large volumes of harassing telephone calls to be made to any of KDMC's telephone lines which serve no legitimate medical or business purpose relating to KDMC's business operations;

   c. permitting, causing, encouraging, or assisting, through financial means or any other means, the placement of telephone calls to any of KDMC's telephone lines for the purpose of harassment, annoyance, or alarm; and

   d. protecting, aiding, abetting or assisting anyone in the commission of any of the acts so enjoined;

 2. Damages for Defendants' violations of 47 U.S.C. § 227(c)(3), including treble damages, and other damages incurred by KDMC as a result of Defendants' unlawful and tortious conduct;

 3. Its costs herein expended; and

 4. Any and all other relief to which it may appear to be entitled.

      Respectfully submitted,

    BY: /s/W. Mitchell Hall, Jr.
      W. Mitchell Hall, Jr.
      Sean M. Whitt
      Leigh Gross Latherow
      VanAntwerp, Monge, Jones,
       Edwards & McCann LLP
      1544 Winchester Avenue, Fifth Floor
      Post Office Box 1111
      Ashland, Kentucky 41105-1111
      Phone:  (606) 329-2929; Fax:  (606) 329-0490
      mhall@vmje.com
      swhitt@vmje.com
      llatherow@vmje.com
      COUNSEL FOR PLAINTIFF ASHLAND
      HOSPITAL CORPORATION, INC., d/b/a
      KING'S DAUGHTERS MEDICAL CENTER

## **CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this the 29th day of December, 2010, filed the foregoing Complaint with the Clerk of the Court through the CM/ECF system.

<u>/s/ W. Mitchell Hall, Jr.</u>
W. Mitchell Hall, Jr.
*Counsel for Plaintiff*